UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DESMARK NDIFET AWA,

     Petitioner,

  v.

KRISTI NOEM, PAMELA BONDI, TODD LYONS, JULIO HERNANDEZ, BRUCE SCOTT,

CASE NO. 2:26-cv-00922-BAT

**ORDER GRANTING PETITION AND ORDERING RELEASE WITHIN 24 HOURS**

Petitioner filed a 28 U.S.C. § 2241 petition requesting the Court order Respondents to release him from immigration detention on the grounds he was detained without notice or a pre-detention hearing in violation of the Due Process Clause. The Court agrees and **GRANTS** the petition for the reasons below.

1.  On July 10, 2023 Petitioner was arrested by immigration officers near the border at Ramey, Puerto Rico. He was paroled on July 29, 2023 and later released under an "OREC" on September 18, 2023. On January 18, 2024, Petitioner was arrested and charged with driving under the influence (DUI). He pleaded guilty, signed a diversion agreement, and the charge was dismissed on April 15, 2025. On December 9, 2025, Petitioner reported for an ICE check-in and was redetained; Respondents claim Petitioner was redetained due to the 2024 DUI arrest. On February 11, 2026, Petitioner appeared before an immigration judge and was ordered removed to

ORDER GRANTING PETITION AND
ORDERING RELEASE WITHIN 24 HOURS -
1

Uganda. Petitioner timely appealed to the Board of Immigration Appeals (BIA) and the appeal remains pending.

2.      The parties disagree over the basis of Petitioner's detention and what process is due. Respondents argue Petitioner is mandatorily detained under 8 U.S.C. § 1225. Although Petitioners was initially detained near a port of entry under § 1225, his subsequent release under an OREC altered his detention and release from § 1225 to § 1226. *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding a noncitizen released on an "Order of Release on Recognizance" necessarily must have been detained and released under § 1226, including because he was not an "arriving alien" under the regulations governing section 1225 examinations). Hence, the Court finds Petitioner is not subject to mandatory § 1225 detention and was redetained under § 1226.

3.      Regardless of the statutory basis of detention, Respondents are still required to comply with constitutional requirements of due process. *See Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (The Government's belief there are valid reasons to detain does not eliminate its obligation to effectuate detention in a way that comports with due process.). As in other cases where an immigration petitioner has been redetained, the Court applies the factors articulated in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

3.      Under *Mathews,* the Court must consider (1) the private interests affected by the official action, (2) the risk of an erroneous deprivation of such interest based on the procedures used, and probable value of other procedural safeguard, and (3) the government's interest.

4.      Turning to the first factor, not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvyda*s *v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other

ORDER GRANTING PETITION AND
ORDERING RELEASE WITHIN 24 HOURS -
2

forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). Respondent argues Petitioner knew he could be redetained. As the argument does not undermine Petitioner's compelling liberty interest, the first *Mathews* factor favors Petitioner.

4.     Regarding the second factor, Respondents argue the risk of erroneous deprivation is minimal because Petitioner was convicted of DUI in violation of his OREC, and Respondents thus had a basis to redetain him without notice and a hearing. The Court rejects the argument. First, Respondents provide nothing showing they redetained Petitioner due to an emergent circumstance. *See Dan Abraham v. Noem, et al.,* 2026 WL 904677 at *5 (W.D. Wash. April 2, 2026) (Respondents offer no basis to find Petitioner's detention presented urgent circumstances). Thus, the fact Petitioner violated a condition of OREC, without more, does not justify completely stripping him of his due process rights. Second, the facts of this case cut against Respondents' argument. Respondents claim Petitioner's OREC was revoked because of his DUI. The record indicates Petitioner was arrested for DUI about January 18, 2024, pleaded guilty, signed a diversion agreement, and the charge was dismissed on April 15, 2025. The record thus indicates after Petitioner was arrested, he was released from state criminal custody, complied with and completed a diversion program, resulting of dismissal of the charges in April 2025. Petitioner's conduct shows he is not a flight risk, and he is not a danger to the community as he complied with all state court orders, completed his diversion agreement and had his case dismissed. Respondents present nothing other than the DUI to show Petitioner is a danger or has failed to maintain his residence or immigration reporting requirements. Indeed, Petitioner was redetained when he appeared for an ICE check-in as directed. The Court finds under the circumstances of this case, the second *Mathews* factor favors Petitioner.

5.     Regarding the last *Mathews* factor, Respondents argue the government has a

ORDER GRANTING PETITION AND
ORDERING RELEASE WITHIN 24 HOURS -
3

"heightened" interest in preventing aliens from remaining in the country. Petitioner's detention does not further the interest of preventing Petitioner from remaining in the country as Respondents can remove him with the same speed whether he is in or out of custody. Respondents also argue they have an interest in redetaining aliens for violating conditions of release. That interest makes sense when redetention is needed to ensure Petitioner appears for immigration proceedings because he is a flight risk or to prevent danger to the community. *See Zadvydas,* 533 U.S. at 690. But, as discussed above, the record indicates Petitioner is neither a risk of flight nor a danger to the community. The Court according finds this factor favors Petitioner.

6.      The Court concludes Petitioner's due process rights were violated and accordingly **ORDERS**:

a.      Petitioner shall be **RELEASED** within 24 hours of the date of this order.

b.      Respondents shall file a status report that Petitioner has been released within 48 hours of the date of this order.

c.      Petitioner's request for a blanket order declaring due process is violated if he is redetained without notice and a hearing is **DENIED**. The Court recognizes there are circumstances in which Respondents may redetain Petitioner without notice or a predetention hearing. For example, if Petitioner were subject to detention under 8 U.S.C. § 1226(c), the statute requires Respondents to take Petitioner into custody. Notice and a predetention hearing would be inapplicable in such as circumstance. However, if there are no material changes in Petitioner's circumstances, and Petitioner is not subject to mandatory detention under § 1226(c), Respondents shall provide Petitioner with predetention notice and a hearing before a neutral decision maker in which Respondents will bear the burden to show Petitioner is a danger to the

ORDER GRANTING PETITION AND
ORDERING RELEASE WITHIN 24 HOURS -
4

community or a flight risk by clear and convincing evidence.

d.    Petitioner's request Respondents be enjoined from placing a GPS monitor as a condition of release is **DENIED**. Plaintiff has not shown GPS monitoring is unconstitutionally punitive or otherwise impermissible and given the immigration judges order of removal, the Court finds Respondents have a valid interest in monitoring.

e.    Petitioner's counsel may move for EAJA fees as provided by the statute.

DATED this 8th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
ORDERING RELEASE WITHIN 24 HOURS -
5